# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Digna Rivera & Roberto Torres

**DEFENDANTS**
Kevin Snavely, et al

(b) County of Residence of First Listed Plaintiff: Lebanon
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Lebanon
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number):
Weisberg Law Offices, P.C.
7 S Morton Ave Morton PA 19070
W0690080I

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS - PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 1983
Brief description of cause:
Civil Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $1,149,999.99
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE: _____
DOCKET NUMBER: _____

DATE: 11/13/09
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Digna Rivera and Roberto Torres,<br>Individ. & as H/W<br>132 S. 9th Street<br>Lebanon, PA 17042<br>　　　　　　　　　Plaintiffs,<br>　　v.<br><br>Kevin Snavely,<br>Individ. & in his official capacity as a<br>Police Officer in the Lebanon City Police<br>Department<br>400 S. 8th Street<br>Lebanon, PA 17042<br><br>And<br><br>Bithia Rissinger,<br>Individ. & in her official capacity as a<br>Police Officer in the Lebanon City Police<br>Department<br>400 S. 8th Street<br>Lebanon, PA 17042<br><br>And<br><br>Keith Henderson,<br>Individ. & in her official capacity as a<br>Police Officer in the Lebanon City Police<br>Department<br>400 S. 8th Street<br>Lebanon, PA 17042<br><br>And<br><br>Lebanon City<br>35 Union Street<br>Morrisville, PA 19067<br><br>And<br><br>Lebanon City Police Department<br>400 S. 8th Street<br>Lebanon, PA 17042 | CIVIL ACTION NO.:<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY OF TWELVE (12) JURORS DEMANDED |

      And : 

Chief of Police of Lebanon City :
Police Department, Individually and in :
His official capacity as Chief of Police :
Of Lebanon City Police Department :
400 S. 8th Street :
Lebanon, PA 17042 :
       :
      And :
       :
John Does 1-10 :
             Defendants. :

## CIVIL ACTION COMPLAINT

**I.    Preliminary Statement**

1.    This is an action for an award of attorney's fees and costs, compensatory, statutory, and punitive damages, also seeking equitable, injunctive and other relief, for Defendants' Civil Rights violations arising from Plaintiff's home invasion, prosecution and ongoing harassment based on racial animus.

2.    Individually, jointly or severally, Defendants are liable to Plaintiff for, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are averred upon information and belief, or will become known in discovery or at trial.

3.    Plaintiff reserves the right to rely on the "Discovery Rule" and the Doctrine(s) of Equitable Tolling/Fraudulent Concealment, respectively.

4.    Plaintiff, Digna Rivera ("Plaintiff"), was wrongfully subjected to a home invasion and subsequent prosecution. After a trial, Plaintiff was exonerated of all Counts on December 19, 2007. The home invasion and resulting trial was the direct result of the pervasive, intentional, and systematic misconduct of the individual defendants (including John Does) and the failure of Defendant, Lebanon City, to properly train, supervise, and discipline the individual defendants

and other John Doeofficers regarding their constitutional duty to conduct criminal investigations in good faith and to refrain from the fabrication or submission of false evidence and the use of false or perjured testimony, as well as to refrain from violating citizens' Constitutional rights.

### II. Jurisdiction and Venue

5. Jurisdiction in this Honorable Court is based on federal question conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

6. Venue lies in this District in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, is incorporated or does business here, or the subject of this action is situated within this district.

### III. Parties

7. Plaintiffs, Digna Rivera and Roberto Torres, are adult individuals and husband and wife, and citizen currently residing at the above-captioned address.

8. Defendant, Kevin Snavely ("Snavely"), was at all times material an officer with the Defendant, Lebanon City Police Department ("Police Department"), and was responsible for the investigation and police prosecution relevant to this matter, and he was operating in his official capacity as an employee, worker, or agent of co-Defendants (see below) at the above-captioned address, and he is being sued individually and in his official capacity, having acted under color of state law.

9. Defendant, Bithia Rissinger ("Rissinger"), was at all times material an officer with the Defendant, Lebanon City Police Department ("Police Department"), and was responsible for the investigation and police prosecution relevant to this matter, and she was operating in her official capacity as an employee, worker, or agent of co-Defendants (see below) at the above-captioned

address, and she is being sued individually and in her official capacity, having acted under color of state law.

10. Defendant, Keith Henderson ("Henderson"), was at all times material an officer with the Defendant, Lebanon City Police Department ("Police Department"), and was responsible for the ongoing harassment relevant to this matter, and he was operating in his official capacity as an employee, worker, or agent of co-Defendants (see below) at the above-captioned address, and he is being sued individually and in his official capacity, having acted under color of state law.

11. Defendant, Lebanon City ("City"), is a municipality, registered to transact business in the Commonwealth of Pennsylvania, with agents authorized to receive service of process at the above-listed address, and owns, operates, manages, directs and controls Defendant, Police Department, which employ Defendants, Snavely, Rissinger, and Henderson.

12. Defendant, Lebanon City Police Department, is a municipal entity with agents authorized to receive service of process at the above-listed address.

13. Defendant, Chief of Police of Lebanon City Police Department ("Chief"), is a municipal entity with agents authorized to receive service of process at the above-listed address.

14. Defendants, John Does 1-10, is a moniker for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every Count and averment listed above and below.

### IV. Operative Facts

15. In or around April 2005, Plaintiff, Digna Rivera, called the Lebanon City Police Department ("Police Department") to report an argument with her neighbor (non-party).

16. Snavely responded to the call.

17. Upon arriving, Snavely only spoke to Plaintiffs' neighbor despite the fact that Plaintiff made the report.

18. Snavely refused to speak to Plaintiffs, stating that he would not speak to "you people," meaning Hispanic minorities.

19. Plaintiffs are Hispanic.

20. Plaintiffs' neighbor is not Hispanic.

21. After complaining of Snavely's behavior, the Chief of Police and Mayor of Lebanon City apologized to Plaintiff for Snavely's comments and behavior, saying that Snavely had acted inappropriately.

22. Upon information and belief, Plaintiff's complaint and the Chief's apology made Snavely angry and embarrassed combining with the foregoing to result in Snavely's retaliatory conduct in violation of Plaintiff's First Amendment and other rights.

23. On or about August 5, 2007, Plaintiff was at her home having a family picnic.

24. Upon information and belief, at the time of this incident (described more fully below) Snavely and Rissinger were acting as partners.

25. Without warrant or cause, Snavely and Rissinger arrived at Plaintiffs' property.

26. Plaintiff later learned that Snavely and Rissinger were responding to an alleged noise violation, an individual screaming.

27. Rissinger later stated that she determined that the screaming was coming from Plaintiffs' house.

28. There was no screaming at Plaintiffs' house; it is believed that Rissinger used this as false pretext to approach and ultimately enter Plaintiff's home.

29. Plaintiff became aware of the officers' presence on Plaintiffs' property when a family member, Plaintiff's nephew, advised Plaintiff that there was a police officer at her door.

30. As Plaintiff was walking to talk to the officer at the door, Plaintiff heard a female officer, later identified as Rissinger, banging on Plaintiff's wooden fence.

31. While banging on the fence, Rissinger shouted, "You need to get your fucking spic ass out here right now."

32. Torn between responding to Rissinger and going to the door, Plaintiff responded that she would be right out and proceeded towards the front door.

33. When Plaintiff entered her home, she saw Snavely already in her home and searching her dining room.

34. Snavely did not have probable cause, permission, justification nor warrant to enter and search Plaintiff's home.

35. Plaintiff questioned Snavely's presence in her home and who had given him permission to enter.

36. At first, Snavely laughed at Plaintiff and then responded, "I have a right to be here. This is my house. I have a badge; I can do whatever I want."

37. Plaintiff objected to Snavely's presence in her house.

38. Snavely stated that he would arrest Plaintiff for disorderly conduct if she did not "shut up."

39. Plaintiff's daughter had a camcorder with her as she was recording parts of the family picnic.

40. Plaintiff asked her daughter to record Snavely's illegal search recorded on their camcorder.

41. Snavely threatened to break the camera in front of Plaintiff's face if she recorded anything.

42. At some point during Plaintiff's discussion with Snavely, Rissinger likewise unlawfully entered Plaintiff's home.

43. Plaintiff again told both Snavely and Rissinger that she did not want the officers, Snavely and Rissinger, in her home.

44. Despite Plaintiff's requests to leave, Snavely and Rissinger remained in Plaintiff's home and continued searching the dining room.

45. At no time did Snavely or Rissinger tell Plaintiff to be quiet or instruct Plaintiff that she or her guests were making too much noise.

46. Approximately one (1) month after the above incident, approximately September 2007, Plaintiff received in the mail a citation for a violation of Lebanon County Ordinance 713.04. (Exh. A).

47. The violation was for a Disorderly House; the title of the article Plaintiff was charged under is "Indecency and Immorality."

48. Rissinger concealed the citation from Plaintiff until September 2007.

49. The citation that was sent to Plaintiff did not contain a court date on it.

50. Snavely and Rissinger filed the charges against Plaintiff without giving her notice.

51. After a October 9, 2007 hearing, Plaintiff discovered that she had been found guilty of the citation for a Disorderly House in her absence.

52. Plaintiff appealed.

53. Rissinger testified against Plaintiff at the trial; Snavely did not testify despite his role as an eye-witness and the first officer into Plaintiff's house.

54. On or about December 17, 2007, a trial was held at which Plaintiff was found not guilty by the Honorable John C. Tylwalk, officially ending the criminal action in Plaintiff's favor.

55. Judge Tylwalk stated that the charge was not properly brought under this section of the city ordinance.

56. Judge Tylwalk stated that Article 713 was not intended to deal with this kind of situation.

57. Judge Tylwalk further stated that he did not believe that there was a basis to go forward with the charge.

58. The statute that Snavely and Rissinger charged Plaintiff under related to brothels. (Exh. A).

59. Snavely, Rissinger, and John Doe Officers were attempting to embarrass Plaintiffs by claiming the house was a known drug house and/or brothel.

60. In retaliation for the above, and at the behest of co-defendants, beginning in or around January 2008, Henderson, and Defendants, John Doe, officers continually wait outside Plaintiff's home, follow her children's cars, pull their cars over without probable cause, and search the cars stating that Plaintiff's children had just come from a drug house, without cause and solely for the purpose of harassing Plaintiff.

61 On one occasion after January 2008, Plaintiff's son was stopped outside of Plaintiff's home and searched without probable cause.

62. On another occasion, Plaintiff's son had a friend parked outside Plaintiff's house.

63. John Doe police officer approached the friend and told him that he looked suspicious.

64. Plaintiff approached John Doe officer to ask for an explanation of why the friend looked suspicious.

65. At that time, John Doe police officer began to yell and threaten Plaintiff that Plaintiff had to get away from the car or else the officer would arrest Plaintiff.

66. John Doe officer never explained to Plaintiff why her son's friend was suspicious.

67. John Doe police officers would tell Plaintiff's sons and their friends that Plaintiff's home was a known drug house.

68. On or about March 23, 2009, Plaintiff's car overheated, causing her to pull over to the side of the road.

69. David Lear, an officer within Police Department, approached Plaintiff and issued her a ticket for parking within 50 feet of a railroad crossing.

70. Plaintiff attempted to tell Lear about the car overheating but Lear refused to listen to Plaintiff.

71. Plaintiff had a summary trial on the above ticket, on or about August 6, 2009, at which point Plaintiff was found not guilty.

72. The harassment from the officers became so frequent and debilitating that three (3) of Plaintiff's children moved out of Plaintiff's home in or around the end of 2008.

73. After each of the above incidents of harassment, Plaintiff would attempt to report the harassment to Chief.

74. Chief would listen to Plaintiff's complaints but refused to take any action to quell the harassment of Plaintiffs.

75. Chief had actual knowledge of the harassment and failed to discipline the officers involved or to make any necessary changes to curb the abuses.

76. Based on Plaintiff's race, *inter alia*, Defendants acted maliciously in citing and prosecuting Plaintiff and entering and searching Plaintiff's home, without cause.

77. Defendants, City and Police Department, failed, with deliberate indifference, to properly train, supervise, and discipline its police officers with respect to their constitutional obligations to refrain from the use of retaliation, illegal searches and malicious prosecutions, as well as refraining from an outward expression of racial animus.

78. As a result of this failure to train, supervise, and discipline the individual detective and other officers within the Police Department, with respect to their constitutional duties and obligations, Defendants, Police Department and City, caused the constitutional violations and other conduct alleged in this complaint.

79. The conduct of the Defendant, Police Department and City, was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiffs' rights.

### Damages

80. The actions of Defendants deprived plaintiff of her rights, *inter alia*, guaranteed under the First, Fourth, and Fourteenth Amendments of the United States Constitution; 42 U.S.C. §§1983, 1985, and 1988; and the laws of the Commonwealth of Pennsylvania.

### V. Causes of Action

#### COUNT I
#### CIVIL RIGHTS VIOLATION- IV and XIV Amendments
*Plaintiffs v. Rissinger, Snavely, Henderson, in their official capacities*

81. At the time of Defendants' unlawful invasion of Plaintiff's home, search, citation, and trial, Plaintiff had not committed any infraction.

82. Defendants' actions stated above, *inter alia*, were committed under color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other civil rights.

83. Defendants caused plaintiff to suffer a malicious and selective prosecution, violations of Plaintiff's rights to equal protection, malicious and selective prosecution, false arrest, and violations of Plaintiff's rights to be free from unlawful search and seizure, prosecution by their wrongful conduct in subjecting Plaintiff to unlawful home invasion, search, false criminal charges, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

84. Defendants instituted a criminal action against Plaintiff with filing the citation against Plaintiff and testifying at the hearing despite failing to properly investigate.

85. Defendants acted maliciously because of Plaintiff's race.

86. Defendants did not have probable nor any cause to charge, and/or accuse Plaintiff of the criminal acts.

87. The criminal action terminated in Plaintiff's favor with a verdict of Not Guilty.

88. Plaintiff was singled out for prosecution because of her race.

89. The ordinance Plaintiff was charged under clearly does not apply to the situation, as held by Judge Tylwalk.

**COUNT II**
**CIVIL RIGHTS VIOLATION-*MONELL***
*Plaintiffs v. City, Chief and Police Department, in their official capacity*

90. Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

91. Prior to the events described herein, Defendant, Police Department and City, developed and maintained policies, practices and customs exhibiting deliberate indifference to the

Constitutional right of persons within the geographic and jurisdictional limits of Lebanon City, especially Hispanics, which caused violations of Plaintiff's constitutional and other rights.

92. Specifically, Defendant failed to adequately and properly supervise and train in various aspects of law enforcement, criminal prosecution procedure and substance, including, but not limited to, the nature and existence of lawful cause, evaluation of character and evidence, and the laws of the United States, Commonwealth of Pennsylvania, and otherwise.

93. The actions and conduct of Defendants, Snavely, Rissinger, and Henderson, was caused by the failure of the Defendants, with deliberate indifference, to properly train, control or supervise these police detectives with respect to their investigative power in accordance with the United States and Pennsylvania Constitutions.

94. The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of those within Lebanon City, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

## COUNT III
## CIVIL RIGHTS VIOLATION-*CONSPIRACY*
*Plaintiffs v. Defendants, in their individual and official capacities*

95. Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

96. The Civil Rights Act of 1866, as amended, 42 U.S.C. §§1985-1986, prohibits conspiracies to interfere with civil rights.

97. Defendants violated 42 U.S.C. §1985 in that they conspired for the purpose of impeding, hindering, obstructing and defeating the due course of justice with the intent to deny Plaintiff the protection of the laws and to injure her.

98. Defendants search, charged, stopped, and prosecuted Plaintiff because she is Hispanic and to deprive Plaintiff of her equal protection of the law.

99. Defendants, Snavely and Rissinger, participated in the wrongful search, charge and prosecution of Plaintiff.

100. Defendants have each done and have caused to be done acts in furtherance of this conspiracy whereby Plaintiff has been injured and has been deprived of her rights and privileges as a citizen of the United States.

101. Defendants had actual knowledge of the conspiracies to deprive Plaintiff of her rights, and had the power and opportunity to prevent the violations from occurring and continuing and failed to do so.

## COUNT IV
## STATE LAW CLAIM – MALICIOUS PROSECUTION
*Plaintiff v. Snavely and Rissinger, in their individual capacities*

102. Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

103. Plaintiff was searched and charged by Defendants without probable cause, and provided false testimony at trial.

104. Defendant's actions were due to Plaintiff's race.

## COUNT V
## LOSS OF CONSORTIUM
*Plaintiff, Roberto Torres v. Defendants*

105. Plaintiffs incorporate paragraphs 1-46 above as though same were fully set forth at length herein.

106. Plaintiff, Roberto Torres, is the husband of Plaintiff, Digna Rivera, and as a result of the Defendants', intentional, negligent, careless and reckless conduct, Plaintiff, Roberto Torres, has

lost and/or will lose the companionship, consortium, society, and services of his wife, Plaintiff, Digna Rivera, to his great personal detriment and loss.

## VI. Prayer for Relief

**WHEREFORE**, Plaintiff requests this Honorable Court enter judgment in her favor and against Defendants, individually, jointly and severally, in an amount in excess of $1,000,000.00 ($1 Million), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

    a. Injunctive relief including but not limited to monitoring and education;
    b. Statutory damages;
    c. Compensatory damages, including; and
        i. Actual damages for financial injury (including but not limited to wage loss and loss of earning capacity, and attorneys fees related to the criminal action appeal) and emotional distress;
        ii. Attorneys fees and expenses, and costs of suit; and
    d. Punitive damages.


                                          PROCHNIAK WEISBERG, P.C.

                                          /s/ Rebecca M. Steiger, Esquire
                                          MATTHEW B. WEISBERG, ESQUIRE
                                          Attorney for Plaintiff

# Exhibit A

9

## ARTICLE 713
### Indecency and Immorality

713.01 Indecent exhibition.
713.02 Indecent language.
713.03 Indecent act or gesture.
713.04 Disorderly house.
713.99 Penalty.

### CROSS REFERENCE
Power to regulate - see 3rd Class §2403(24) (53 P.S. §37403(24))

---

**713.01 INDECENT EXHIBITION.**
No person shall conduct or in any manner whatsoever participate in an exhibition of indecent or immoral character. (Ord. 34-1948, 49 §6. Passed 8-23-48.)

**713.02 INDECENT LANGUAGE.**
No person shall use any profane, scandalous, insulting, obscene, lewd, filthy or other indecent language to any other person or in the hearing of any other person on any public street, highway or in other places, or in any place whatsoever within the City. (Ord. 34-1948, 49 §7. Passed 8-23-48.)

**713.03 INDECENT ACT OR GESTURE.**
No person shall make any immodest, immoral, lewd or other indecent sign or gesture, or do or commit any other immodest, immoral, lewd or indecent act to or in the presence of any other person in any public street, highway or public place, or in any place whatsoever within the City. (Ord. 34-1948, 49 §8. Passed 8-23-48.)

**713.04 DISORDERLY HOUSE.**
No person shall operate, maintain or participate in the operation or maintenance of any house of prostitution or assignation, or any gambling house, or any house or building in which any unlawful or disorderly acts occur. (Ord. 34-1948, 49 §13. Passed 8-23-48.)

**713.99 PENALTY.**
Any person violating any of the provisions of this article shall be fined not more than three hundred dollars ($300.00) and/or imprisoned not more than ninety days. (Ord. 40-1970, 71 §12. Passed 5-24-71.)