## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIGNA RIVERA and ROBERTO TORRES, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO. 1:09-cv-2243 |
| | : | |
| v. | : | (Judge John E. Jones, III) |
| | : | |
| KEVIN SNAVELY, et al., | : | ELECTRONICALLY FILED |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendants the City of Lebanon and Officers Kevin Snavely, Bithia Rissinger, and Keith Henderson ("Defendants"), by and through their attorneys, Lamb McErlane PC, hereby move this Honorable Court for an Order dismissing Plaintiffs' Amended Complaint in accordance with Federal Rule of Civil Procedure 12(b)(6) on the basis of Plaintiffs' failure to state a claim upon which relief may be granted. Defendants state as follows:

### I.  PROCEDURAL HISTORY

1.  On November 13, 2009, Plaintiffs Digna Rivera and Roberto Torres initiated this federal civil rights action under 42 U.S.C. § 1983 against Defendants Lebanon Police Officers Kevin Snavely, Bithia Rissinger, and Keith Henderson, as well as the City of Lebanon, the City of Lebanon Police Department, and the Chief of Police of the Lebanon Police Department.  *See* Compl. (Doc. No. 1).

2.    On February 1, 2010, Defendants filed a Motion to Dismiss Portions of Plaintiffs' Complaint (Doc. No. 20) and supporting Brief (Doc. No. 21).

3.    On March 5, 2010, Plaintiffs filed an Amended Complaint (Doc. No. 24).

4.    Plaintiffs now allege:

(a)    federal unlawful search and seizure[1], malicious prosecution, equal protection, and First Amendment retaliation claims against Lebanon Police Officers Bithia Rissinger, Kevin Snavely, and Keith Henderson[2]. *Id.* at Count I;

(b)    a derivative *Monell* claim against the City of Lebanon. *Id.* at Count II;

(c)    a federal conspiracy claim against all Defendants. *Id.* at Count III; and

(d)    state malicious prosecution (Plaintiff Rivera v. Officers Rissinger and Snavely only) and loss of consortium (Plaintiff Torres v. all Defendants) claims. *Id.* at Counts IV and V.

---

[1] However, the Amended Complaint does not allege that Plaintiff Rivera was actually seized; indeed, she was not. Rather, she received a citation in the mail. *See* Am. Compl. (Doc. No. 24) at ¶ 44.

[2] Notably, Count I appears to be based upon an August 5, 2007 encounter with Officers Snavely and Rissinger. There is no allegation that Officer Henderson was present for the August 2007 incident, nor was he in fact present.

## II.     FACTUAL BACKGROUND

5.     Plaintiff Rivera claims[3] that she had an encounter with Officer Snavely in April 2005, during which she alleges that Officer Snavely acted unprofessionally toward her, and that she complained about this alleged conduct to the Chief of Police and Mayor, who apologized to her, causing Officer Snavely to be angry and embarrassed. *Id.* at ¶¶ 13-20.

6.     ***Two and a half years later***, on August 5, 2007, which was a Sunday night, at approximately 10:00 p.m., Lebanon Police Officers Snavely and Bissinger responded to a report of a woman screaming. *Id.* at ¶ 21, 23-25.

7.     At the time, and unbeknownst to the Officers, Plaintiff Rivera was having a family picnic at her home. *Id.* at ¶ 21.

8.     Officer Snavely knocked on Plaintiffs' front door and was greeted by Plaintiffs' nephew, who left to find Plaintiff Rivera to advise her that the police were at the door. *Id.* at 27.

9.     Plaintiffs[4] claim that Officers Snavely and Bissinger unlawfully entered and searched their home. *Id.* at ¶¶ 31-35, 40-42.

---

[3] Defendants deny Plaintiffs' allegations, including those allegations regarding Officer Snavely's state of mind, which constitute pure speculation on Plaintiffs' part, but acknowledge that the Court must accept the allegations made in the complaint as true for purposes of the present Motion to Dismiss.

[4] There is no allegation that Plaintiff Torres was present during the incident at issue. *See id.*

10.    Plaintiffs do not allege that they were arrested or handcuffed during the encounter.  *See id.*

11.    Approximately one (1) month following the incident, Plaintiff Rivera received a citation in the mail for a violation of Lebanon City Ordinance 713.04, and specifically for having a "disorderly house."  *Id.* at ¶ 44.

12.    This section of the City Ordinance prohibits a person from maintaining any house "in which any unlawful or disorderly acts occur."  *Id.* at Exhibit A.

13.    In October, 2007, Plaintiff Rivera was found guilty of the citation.  *Id.* at ¶ 49.

14.    Plaintiff Rivera filed a summary appeal, at which Officer Snavely was not subpoenaed to testify, and on December 17, 2007, Plaintiff Rivera was found not guilty of the "disorderly house" charge.  *Id.* at ¶¶ 50-52.

15.    Plaintiffs purport to assert federal and state malicious prosecution claims against Officers Snavely and Rissinger.  *Id.* at ¶¶ 81, 100-01.

## III.    PLAINTIFFS' AMENDED COMPLAINT SHOULD BE DISMISSED

### A.    Counts I and II of the Amended Complaint Are Barred by the Statute of Limitations

16.    In Counts 1 and II of the Amended Complaint, Plaintiffs assert claims against the individual defendants for violations of the First Amendment (retaliation), Fourth Amendment (unlawful entry and search), and Fourteenth

4

Amendment (equal protection), and a derivative *Monell* claim against the City, based upon an incident at Plaintiffs' home on August 5, 2007 and the subsequent issuance of a citation to Plaintiff Rivera in September 2007.  *See* Am. Compl. (Doc. No. 24) at Counts I and II.

17.    All of these claims, with the exception of the malicious prosecution claim (to the extent Plaintiffs have pled a malicious prosecution claim) are barred by the statute of limitations.

18.    Claims brought pursuant to 42 U.S.C. §§ 1983 and 1985 are subject to the statute of limitations "which the State provides for personal-injury torts" and accrues at the time when the injury is sustained.  *Wallace v. Kato*, 549 U.S. 384, 387, 388 (2007); *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000); *Wright v. Williams*, No. 08-5944, 2009 U.S. Dist. LEXIS 66207, *1, *8 (E.D. Pa. 2009) (Baylson, J).   In Pennsylvania, the statute of limitations for tort claims is two years.  42 Pa. Con. Stat. Ann. § 5524; *see Sameric Corp. of Delaware, Inc. v. City of Phila.*, 142 F.3d 582, 590 (3rd Cir. 1998).

19.    Plaintiff Rivera's claims against Officers Snavely and Rivera, and the derivative *Monell* claim against the City, are all based upon events that took place on or before August 5, 2007, or September 2007, at the latest.  *See* Am. Compl. (Doc. No. 24) at ¶¶ 21-32, 40-42, 44.

20.    As such, Plaintiffs had until September 2009 – at the latest – to initiate this action.

21.    Plaintiffs did not initiate this action until November 13, 2009 (*see* Doc. No. 1) – ***over 90 days*** after the alleged unlawful entry and search, and *60 days* after Plaintiff claims to have received the citation for a disorderly house.  *See* Am. Compl. (Doc. No. 24) at ¶¶ 21-32, 40-42, 44.

22.    Accordingly, Plaintiffs' claims are time-barred.

**B.    Plaintiffs' Federal Claims Fail on the Merits**

1.    Plaintiffs' Federal Malicious Prosecution Claim Fails

23.    In order to succeed on the federal malicious prosecution claim, Plaintiffs must allege and prove, *inter alia*, that they "suffered deprivation of liberty consistent with the concept of 'seizure' as a result of the legal proceeding." *Anderson v. Mesure*, Civ. A. No. 4:08-cv-121, 2009 U.S. Dist. LEXIS 96322, *1, *7-*8 (M.D. Pa. Oct. 16, 2009) (Jones, J.) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)); *see also Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007).

24.    Here, there is no allegation that Plaintiff Rivera suffered any deprivation of liberty consistent with a seizure under the Fourth Amendment; on the contrary, by Plaintiffs' own admission, Plaintiff Rivera was not taken into custody; rather, she was issued a citation by mail.  Am. Compl. (Doc. No. 24) at ¶¶ 44.

25.     Indeed, while Plaintiffs have baldly alleged an "unlawful search and seizure" and "false arrest," *id.* at ¶ 81, Plaintiff Rivera was not "seized" under the Fourth Amendment.

26.     Thus, the requirement that Plaintiff had to appear "at court proceedings, without more, does not constitute a seizure for purposes of a Fourth Amendment malicious prosecution claim." *Esposito v. Galli*, Civ. No. 04-CV-475, 2006 U.S. Dist. LEXIS 55288, *27 (M.D. Pa. Aug. 9, 2006) (Jones, J.) (citing *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005)).

27.     Because Plaintiff did not suffer a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding, the federal malicious prosecution claim therefore fails and should be dismissed.

2.     <u>Plaintiffs Failed to Plead an Equal Protection Claim</u>

28.     In order to properly assert an equal protection claim based upon protected class status, Plaintiffs must allege both that (1) they are members of a protected class **and** (2) the government treated similarly situated individuals outside of the protected class differently. *D'Altilio v. Dover Twp.*, No. 1:06-CV-1931, 2007 U.S. Dist. LEXIS 71414, *1, *27-*28 (M.D. Pa. 2007) (Conner, J.) (citing *Oliveira v. Township of Irvington*, 41 F. App'x 555, 559 (3d Cir. 2005)) (explaining that a plaintiff must plead membership in "a protected class and that

they received different treatment than that received by other similarly-situated

individuals" to establish a *prima facie* case under the Equal Protection Clause).

29.    "Mere harassment based on protected-class status without

identification of similarly situated individuals outside the class will not support an

equal protection violation."  *Id.*; *see also Hudson v. Coxon*, 149 Fed. Appx. 118,

121 (3d Cir. 2005) (upholding dismissal of equal protection claims for failure to

allege differential treatment of others similarly situated); *Pollack v. City of Phila.*,

No. 06-4089, 2007 U.S. Dist. LEXIS 11624, 2007 WL 576264, *1, *4 (E.D. Pa.

Feb. 16, 2007) (dismissing plaintiff's equal protection claim despite his allegations

of racial harassment because he failed to allege that he received treatment different

from that given to other individuals).

30.    "When alleging the existence of individuals outside the protected

class, a plaintiff 'cannot use allegations . . . that amount to nothing more than

"conclusory, boilerplate language" to show that he may be entitled to relief,' and

'bald assertion[s] that  other[s] . . . were treated in a dissimilar manner' will not

survive dismissal."  *D'Altilio*, 2007 U.S. Dist. LEXIS 71414, at *27-*28  (quoting

*Young v. New Sewickley Twp.*, 160 Fed. Appx. 263, 266 (3d Cir. 2006); *Evancho v.

Fisher*, 423 F.3d 347, 354-55 (3d Cir. 2005); *Twombly*, 127 S. Ct. at 1968.

31.    Plaintiffs allege that they are members of a protected class; however, they do not allege that they were treated differently than individuals outside the protected class.

32.    Accordingly, Plaintiffs' equal protection claim should be dismissed for failure to state a claim.

    3.    <u>Plaintiffs Failed to State a First Amendment Retaliation Claim</u>

33.    In order to state a First Amendment Retaliation claim, Plaintiff must prove four elements: (1) that she engaged in a constitutionally-protected activity; (2) that the government responded with retaliation; (3) that the government retaliation was motivated or substantially caused by the protected activity; and (4) the government's actions would deter or "chill" a person of "ordinary firmness" from exercising her First Amendment rights. *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 282 (3d Cir. 2004); *Zugarek v. South Tioga Sch. Dist.*, 214 F. Supp. 2d 468, 476 (M.D. Pa. 2002).

34.    Plaintiffs allege only two purported instances of retaliatory conduct; namely, Plaintiffs claim that:

    a.    Officers Snavely and Rissinger went to Plaintiffs' home on August 5, 2007 and cited Plaintiff Rivera in retaliation for a complaint she filed against Officer Snavely *2 and 1/2 years earlier*, in April 2007 (*see* Am. Compl. (Doc. No. 24) at ¶¶ 13, 19-21, 83); and

9

b.      in retaliation for Plaintiff Rivera's complaints to the Chief of Police regarding the conduct of Officers Snavely and Rissinger on August 5, 2007, six (6) months later, other unidentified Lebanon Officers began "wait[ing] outside Plaintiff's home" and following her children's cars. *Id.* at 58.

35.    Officer Rissinger's decision to cite Plaintiff Rivera for a disorderly house on August 5, 2007 is too remote in time to be considered retaliation for a complaint Plaintiff Rivera made against Officer Snavely 2 and 1/2 years earlier.

36.    Similarly, Plaintiffs cannot establish that the alleged conduct of unidentified Lebanon Officers beginning in January 2008 is in any way related to her encounter with – and complaints about – Officers Snavely and Rissinger six (6) months earlier.

37.    Plaintiff Rivera was not deterred by this alleged conduct; on the contrary, Plaintiffs aver that "[a]fter each of the . . . incidents of harassment, Plaintiff would attempt to report the harassment to the Chief." Am. Compl. (Doc. No. 24) at ¶ 71.

38.    Accordingly, Plaintiffs have failed to allege the necessary elements of a First Amendment retaliation claim, and that claim should be dismissed.

4.      Plaintiffs' Conspiracy Claim Fails

39.    To establish a § 1985 violation, Plaintiffs must demonstrate: "1) the existence of a conspiracy; 2) motivated by racial discriminatory animus designed

10

to deprive him of equal protection of the law; 3) an act in furtherance of the
conspiracy; and, 4) an injury or deprivation of a constitutional right." *Livingston v.
Allegheny County*, Civ. A. No. 07-1010, 2010 U.S. Dist. LEXIS 7000, *1, *33
(W.D. Pa. Jan. 27, 2010) (citing *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).

40.    Plaintiffs' conspiracy claim fails, because Plaintiffs do not aver any
understanding or agreement between the Defendants to violate Plaintiff's civil rights.

41.    Alternatively, Plaintiffs' conspiracy claim fails, because Plaintiff has not
suffered an injury or deprivation of a civil right as a result of any alleged conspiracy.

### 5.    Plaintiffs Fail to State a Derivative *Monell* Claim against the City

42.    In order to establish liability under Section 1983 against a local
government unit, such as the City of Lebanon, Plaintiffs must demonstrate:  (1) the
deprivation of a constitutional right; (2) that action was taken pursuant to a custom
or policy of the local government unit; and (3) that such action was the cause of the
deprivation.  *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978);
*Brown v. Commonwealth of Pennsylvania Dep't of Health Emergency Med. Servs.*,
318 F.3d, 473 (3d Cir. 2003).

43.    Plaintiffs have failed to properly plead the first and seminal element
of their derivative claim - a constitutional violation.

44.    If there was no violation in the first place, then there can be no
derivative municipal or supervisory claim.  *See Collins v. City of Harker Heights*, 503

U.S. 115, 123 (1992) (holding that a city may be liable for a policy or custom of failing to train its employees only "if a city employee violates another's constitutional rights."); *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite besides the point."); *Estate of Smith v. Marasco*, 318 F.3d 497, 505 (3d Cir. 2003) ("[T]he initial question in a section 1983 action is 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'").

45.     Since Plaintiffs have no viable claim for a constitutional violation, Plaintiffs' derivative § 1983 claim against Lebanon also fails.

WHEREFORE, Defendants the City of Lebanon and Officers Kevin Snavely, Bithia Rissinger, and Keith Henderson respectfully request that the Court Dismiss Plaintiffs' Amended Complaint, with prejudice.

Respectfully submitted,


Dated: <u>March 19, 2010</u>          <u>/s/ Janelle E. Fulton</u>
                                      David J. MacMain (I.D. No. 59320)
                                      Janelle E. Fulton (I.D. No. 80027)
                                      LAMB MCERLANE, PC
                                      24 East Market Street – Box 565
                                      West Chester, PA  19381-0565
                                      (610) 701-3262
                                      *Attorneys for Defendants City of Lebanon*
                                      *and Officers Kevin Snavely, Bithia Rissinger*
                                      *and Keith Henderson*

12

## <u>CERTIFICATE OF NONCONCURRENCE</u>

I hereby certify that I have conferred with counsel for Plaintiffs, Matthew

Weisberg, Esquire, and Plaintiffs do not concur in the foregoing partial Motion to

Dismiss.

<div style="margin-left:40%;">

/s/ Janelle E. Fulton
David J. MacMain (I.D. No. 59320)
Janelle E. Fulton (I.D. No. 80027)
LAMB MCERLANE, PC
24 East Market Street – Box 565
West Chester, PA  19381-0565
(610) 701-3263
*Attorneys for Defendants City of Lebanon
and Officers Kevin Snavely and
Bithia Rissinger*

</div>

13

## CERTIFICATE OF SERVICE

I, Janelle E. Fulton, hereby certify that on this 19th day of March 2010, the

foregoing Motion to Dismiss Plaintiffs' Amended Complaint was filed

electronically and is available for viewing and downloading from the ECF system

of the United States District Court for the Middle District of Pennsylvania.  The

following party received electronic service of the Notice of Electronic Case Filing:

> Matthew B. Weisberg, Esquire
> Weisberg Law, P.C.
> 7 South Morton Avenue
> Morton, PA  19070
> mweisberg@ppwlaw.com
> *Attorney for Plaintiffs*

This Certificate of Service and the said filing are intended to be available for

viewing and downloading from the ECF system of the United States District Court for the

Middle District of Pennsylvania.


       /s/Janelle E. Fulton
       Janelle E. Fulton