# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIGNA RIVERA and ROBERTO TORRES, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO. 1:09-cv-2243 |
| | : | |
| v. | : | (Judge John E. Jones, III) |
| | : | |
| KEVIN SNAVELY, et al., | : | ELECTRONICALLY FILED |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

David J. MacMain (I.D. No. 59320)
Janelle E. Fulton (I.D. No. 80027)
LAMB McERLANE, PC
24 East Market Street – Box 565
West Chester, PA  19381-0565
(610) 701-3262
*Attorneys for Defendants City of Lebanon
and Officers Kevin Snavely, Bithia Rissinger
and Keith Henderson*

# **TABLE OF CONTENTS**

I.  INTRODUCTION ...................................................................................1

II.  RELEVANT PROCEDURAL HISTORY .....................................................2

III.  SUMMARY OF RELEVANT FACTS ........................................................3

IV.  STATEMENT OF QUESTIONS PRESENTED ...........................................4

V.  STANDARD OF REVIEW .......................................................................5

VI.  ARGUMENT...........................................................................................6

    A.  Counts I and II of the Amended Complaint Are Barred by the
          Statute of Limitations ..................................................................7

    B.  Plaintiffs' Federal Claims Fail on the Merits.......................................9

          1.  Plaintiffs' Federal Malicious Prosecution Claim Fails..............9

          2.  Plaintiffs Failed to Plead an Equal Protection Claim ..............12

          3.  Plaintiffs Failed to State a First Amendment Retaliation
              Claim ................................................................................14

          4.  Plaintiffs' Conspiracy Claim Fails..........................................16

              a.  Plaintiffs Have Failed to Plead Sufficient Facts to
                  Support a Conspiracy Claim..........................................17

               b.  Plaintiffs Have Not Suffered an Injury as a Result
                  of Any Alleged Conspiracy ...........................................19

          5.  Plaintiffs Fail to State a Derivative *Monell* Claim against
              the City ..............................................................................23

VII.  CONCLUSION.....................................................................................24

i

## <u>Table of Authorities</u>

**CASES**

*Abuhouran v. Acker*, No. 04-2265, 2005 U.S. Dist. LEXIS 12864
  (E.D. Pa. 2005)…………………………………………………………………21

*Balliet v. Whitmire*, 626 F. Supp. 219 (M.D. Pa. 1986)………………………….. 21

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)……………………6, 13, 19

*Black & Yates v. Mahogany Ass'n*, 129 F.2d 227 (3d Cir. 1941)…………………17

*Boykin v. Bloomsburg Univ. of Pennsylvania*, 893 F. Supp. 378
  (M.D. Pa. 1995)…………………………………………………………………23

*Bristow v. Clevenger*, 80 F. Supp. 2d 421 (M. D. Pa. 2000)……………………...12

*Chicarelli v. Plymouth Garden Apartments*, 551 F. Supp. 532
  (E.D. Pa. 1982)…………………………………………………………………18

*Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)……………………………22

*Connick v. Myers*, 461 U.S. 138, 146 (1983)…………………………………….. 15

*D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.*,
  972 F.2d 1364, 1377 (3d Cir. 1992), *cert. denied*, 506 U.S. 1079 (1993)……...18

*D'Altilio v. Dover Twp.*, No. 1:06-CV-1931, 2007 U.S. Dist. LEXIS 71414,
  (M.D. Pa. 2007)…………………………………………………………………13

*DiBella v. Borough of Beachwood*, 407 F.3d 599 (3d Cir. 2005)…………….11, 12

*Eichenlaub v. Township of Indiana*, 385 F.3d 274 (3d Cir. 2004)………………..15

*Esposito v. Galli*, Civ. No. 04-CV-475, 2006 U.S. Dist. LEXIS 55288
  (M.D. Pa. Aug. 9, 2006)………………………………………………………...12

*Estate of David Cooper v. Leamer*, 705 F. Supp. 1081 (M.D. Pa. 1989)…………23

*Estate of Smith v. Marasco*, 318 F.3d 497 (3d Cir. 2003)……………………10, 24

*Evancho v. Fischer*, 423 F.3d 347 (3d Cir. 2005)……………………………... 6, 14

*Figueroa-Lopez v. Hilerio-Padilla*, 199 F. Supp. 2d 1 (D.P.R. 2002)……………23

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)………………………...6

*Gallo v. City of Phil.*, 161 F.3d 217 (3d Cir. 1998)…………………………………12

*Gay v. City of Phila.*, No. 03-5358, 2005 U.S. Dist. LEXIS 15840
     (E.D. Pa. Aug. 2, 2005)………………………………………………………21

*Godshalk v. Borough of Bangor*, No. 03-1465, 2004 U.S. Dist. LEXIS 7962
     (E.D. Pa. May 5, 2004)……………………………………………………… 12

*Heath v. Shannon*, No. 4:CV-04-2275, 2006 U.S. Dist. LEXIS 17037
     (M.D. Pa. Feb. 17, 2006)……………………………………………………..17

*Hudson v. Coxon*, 149 Fed. Appx. 118 (3d Cir. 2005)……………………………13

*Johnson v. Glick*, 481 F.2d 1028 (2d Cir. 1973)…………………………………… 22

Johnson v. Knorr, 477 F.3d 75 (3d Cir. 2007)…………………………………………10

*Lake v. Arnold*, 232 F.3d 360 (3d Cir. 2000)…………………………………………8

*Livingston v. Allegheny County*, Civ. A. No. 07-1010, 2010 U.S. Dist. LEXIS
     7000, (W.D. Pa. Jan. 27, 2010)……………………………………………17, 19

*Maclean v. Secor*, 876 F. Supp. 695, 698 (E.D. Pa. 1995)………………………… 21

*McGowan v. Maryland*, 366 U.S. 420, 429 (1961)…………………………………22

*McKenna v. Schauer*, Civil No. 1:CV-08-0682, 2009 U.S. Dist. LEXIS 29301,
     (M.D. Pa. Apr. 6, 2009)……………………………………………………... 20

*Morgan v. City of New York*, 166 F. Supp. 2d 817 (S.D.N.Y. 2001)……………..23

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902 (3d Cir. 1997)…………………..6

*Neitzke v. Williams*, 490 U.S. 319 (1989)……………………………………………..7

*O'Malley v. Brierley*, 477 F.2d 785, 789 (3d Cir. 1973)…………………………………23

*Oliveira v. Township of Irvington*, 41 F. App'x 555 (3d Cir. 2005)……………... 13

*Pahle v. Colebrookdale Twp.*, 227 F. Supp. 2d 361 (E.D. Pa. 2002)……………. 23

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)……………………..6

*Pollack v. City of Phila.*, No. 06-4089, 2007 U.S. Dist. LEXIS 11624, 2007 WL
    576264 (E.D. Pa. Feb. 16, 2007)…………………………………………………..13

*Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185 (D.N.J. 1993)            21

*Risich v. Bensalem Twp.*, No. 04-5305, 2005 U.S. Dist. LEXIS 2596
    (E.D. Pa. Feb. 17, 2005)……………………………………………….. 12

*Rose v. Bartle*, 871 F.2d 331 (3d Cir. 1989)……………………………………18

*Sameric Corp. of Delaware, Inc. v. City of Phila.*, 142 F.3d 582 (3rd Cir. 1998)… 8

*Shaev v. Saper*, 320 F.3d 373 (3d Cir. 2003)……………………………………… 6

*Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162 (3d Cir. 1989)……………… 18

*Sposto v. Borough of Dickson City*, No. 3:05-CV-0980,
    2005 U.S. Dist. LEXIS 37437 (M.D. Pa. Dec. 6, 2005)……………………… 22

*United States v. Raines*, 362 U.S. 17, 22 (1960)…………………………………… 23

*Wallace v. Kato*, 549 U.S. 384, 387, 388 (2007)…………………………………. 8

*Waris v. Mackey*, Civ. A. No. 09-1103, 2009 U.S. Dist. LEXIS 116961
    (E.D. Pa. Dec. 14, 2009)……………………………………………………….. 19

*Wiltz v. Middlesex County Office*, 249 Fed. Appx. 944 (3d Cir. 2007)………….. 11

*Wright v. Williams*, No. 08-5944, 2009 U.S. Dist. LEXIS 66207 (E.D. Pa. 2009)...8

*Young v. Kann*, 926 F.2d 1396 (3d Cir. 1991)…………………………………….18

*Young v. Medden*, No. 03-5432, 2006 U.S. Dist. LEXIS 6885 (E. D. Pa. 2006)…21

*Young v. New Sewickley Twp.*, 160 Fed. Appx. 263, 266 (3d Cir. 2006)…………14

*Zugarek v. South Tioga Sch. Dist.*, 214 F. Supp. 2d 468 (M.D. Pa. 2002)………..15

**FEDERAL STATUTES**

42 U.S.C. § 1983………………………………………………..1, 2, 8, 10, 21-24

42 U.S.C. § 1985……………………………………….…………2, 5, 8, 17

Defendants the City of Lebanon and Officers Kevin Snavely, Bithia Rissinger, and Keith Henderson ("Defendants"), by and through their attorneys, Lamb McErlane PC, respectfully submit this Brief in Support of their Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.    **INTRODUCTION**

Plaintiffs Digna Rivera and Roberto Torres, husband and wife, brought this federal case over a citation that was issued to Rivera for a "disorderly house" after a neighbor called police to report screaming at Plaintiffs' home. Neither Plaintiff was ever arrested or handcuffed. Rather, Plaintiffs essentially claim that 1) Rivera should not have received the citation and 2) Lebanon Police Officers have been rude to her. Neither of these allegations, even if true, support a constitutional claim.

Plaintiffs initially filed this federal civil rights action under 42 U.S.C. § 1983 against the City of Lebanon, the City of Lebanon Police Department, the Chief of Police of the Lebanon Police Department, and Lebanon Police Officers Kevin Snavely, Bithia Rissinger, Keith Henderson, and included various federal and state claims against these Defendants. *See* Compl. (Doc. No. 1). On February 1, 2010, Defendants filed a Motion to Dismiss Portions of the Complaint (Doc. No. 20) and supporting Brief (Doc. No. 21), and in response, Plaintiffs filed an Amended Complaint (Doc. No. 24), in which they dropped their claims against the Lebanon Police Department and the Chief of Police.

As discussed below, however, even if this Court accepts the facts alleged by Plaintiffs as true, which it must do for the present motion, none of the federal claims asserted are legally viable, and they should be dismissed.

Namely, 1) Plaintiff Rivera's[1] claims for unlawful entry, denial of equal protection, retaliation, and the derivative *Monell* claim are time-barred, 2) Plaintiff Rivera's federal malicious prosecution and false arrest claims – to the extent the Amended Complaint can be read to assert such claims, as well as her conspiracy claim and the derivative *Monell* claim should be dismissed for failure to state a claim, 3) alternatively, the Defendant Officers are entitled to qualified immunity, and 4) the Court should relinquish jurisdiction over Plaintiffs' state law claims.

## II.  **RELEVANT PROCEDURAL HISTORY**

On November 13, 2009, Plaintiffs initiated this action by filing a Complaint under 42 U.S.C. §§ 1983 and 1985 against Defendants Lebanon Police Officers Kevin Snavely, Bithia Rissinger, and Keith Henderson, as well as the City of Lebanon, the City of Lebanon Police Department, and the Chief of Police of the Lebanon Police Department.  *See* Compl.  (Doc. No. 1).

On February 1, 2010, Defendants filed a timely Motion to Dismiss Portions of Plaintiffs' Complaint (Doc. No. 20) and supporting Brief (Doc. No. 21).  In

---

[1]  Plaintiff Torres' sole claim in this action is a state loss of consortium claim. There is no allegation in the Amended Complaint that Mr. Torres had any interaction with any Lebanon Police Officer.  *See* Am. Compl. (Doc. No. 24).

response to Defendants' Motion to Dismiss, Plaintiffs filed an Amended Complaint (Doc. No. 24) on March 5, 2010.  On March 19, 2010, Defendants filed a timely Motion to Dismiss Plaintiffs' Amended Complaint (Doc. No. 28).  This Brief is filed in support thereof.

### III.   SUMMARY OF RELEVANT FACTS

Plaintiff Rivera claims[2] that she first had an encounter with Lebanon Police Officer Kevin Snavely in April 2005, during which she alleges that Officer Snavely acted unprofessionally toward her, and that she complained about this alleged conduct to the Chief of Police and Mayor, who apologized to her, causing Officer Snavely to be angry and embarrassed.  Am. Compl. (Doc. No. 24) at ¶¶ 13-20.

*Two and a half years later*, on August 5, 2007, which was a Sunday night, at approximately 10:00 p.m., Officers Snavely and Bissinger responded to a report of a woman screaming[3].  *Id.* at ¶¶ 21, 23-25.  At the time, (unbeknownst to the Officers) Plaintiff Rivera was having a family picnic at her home.  *Id.* at ¶ 21. Officer Snavely knocked on Plaintiffs' front door and was greeted by Plaintiffs'

---

[2] Defendants deny Plaintiffs' allegations, including those allegations regarding Officer Snavely's state of mind, which constitute pure speculation on Plaintiffs' part, but acknowledge that the Court must accept the factual allegations made in the complaint as true for purposes of the present Motion to Dismiss.

[3] Plaintiffs correctly note that the Officers were responding to such a report.  In fact, Defendants are in possession of an audio recording of the 911 call, in which the caller reported excitedly that a woman was screaming "like someone is beating her to death."  A copy of the 911 recording will be provided upon request.

nephew, who left to find Plaintiff Rivera to advise her that the police were at the door. *Id.* at 27. Plaintiffs[4] claim that Officers Snavely and Bissinger unlawfully entered and searched their home, but Plaintiffs do not allege that they were arrested or handcuffed during the encounter. *Id.* at ¶¶ 31-35, 40-42.

Approximately one (1) month following the incident, Plaintiff Rivera received a citation in the mail for a violation of Lebanon City Ordinance 713.04, and specifically for having a "disorderly house." *Id.* at ¶ 44. This section of the City Ordinance prohibits a person from maintaining any house "in which any unlawful or disorderly acts occur." *Id.* at Exhibit A. In October 2007, Plaintiff Rivera was found guilty of the citation. *Id.* at ¶ 49. Plaintiff Rivera filed a summary appeal, at which Officer Snavely was not subpoenaed to testify, and on December 17, 2007, Plaintiff Rivera was found not guilty of the "disorderly house" charge. *Id.* at ¶¶ 50-52.

## IV.    STATEMENT OF QUESTIONS PRESENTED

A.    Are Plaintiffs' Fourth Amendment unlawful entry and unlawful search, Fourteenth Amendment equal protection, and First Amendment retaliation claims, as well as the derivative *Monell* claims, barred by the statute of limitations?

Suggested Answer:        Yes

---

[4] There is no allegation that Plaintiff Torres was present during the incident at issue. *See id.*

-4-

B.    Should Plaintiffs' federal malicious prosecution and false arrest claim be dismissed because Plaintiff Rivera did not suffer a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding?

Suggested Answer:        Yes

C.    Have Plaintiffs failed to plead facts sufficient to support an equal protection claim?

Suggested Answer:        Yes

D.    Have Plaintiffs failed to state a First Amendment retaliation claim?

Suggested Answer:        Yes

E.    Have Plaintiffs failed to state a claim for conspiracy under § 1985?

Suggested Answer:        Yes

F.    Have Plaintiffs failed to state a *Monell* claim against the City of Lebanon?

Suggested Answer:        Yes

## V.    <u>STANDARD OF REVIEW</u>

In determining whether or not a motion to dismiss should be granted, a district court must accept as true the factual allegations in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  The Court should grant the motion to dismiss if "no relief could be granted under any set of facts

which could be proved." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). However, the Court need not accept a complaint's bald assertions, subjective characterizations, or legal conclusions when deciding a motion to dismiss. *Evancho v. Fischer*, 423 F.3d 347, 351 (3d Cir. 2005).

Federal Rule of Civil Procedure 8 requires that a complaint "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Phillips*, 515 at 232 .

Finally, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).

## VI.   <u>ARGUMENT</u>

Plaintiffs purport to assert:

(a)    federal unlawful search and seizure, false arrest, malicious prosecution, and equal protection claims against Lebanon Police Officers Bithia Rissinger and Kevin Snavely.  Am. Compl. (Doc. No. 24) at Count I;

(b)     a derivative *Monell* claim against the City of Lebanon.  *Id.* at Count II;

(c)     a federal conspiracy claim against all Defendants in their individual and official capacities.  *Id.* at Count III; and

(d)     state malicious prosecution (Plaintiff Rivera v. Officers Rissinger and Snavely only) and loss of consortium (Plaintiff Torres v. all Defendants) claims.  *Id.* at Counts IV and V.

However, Plaintiffs' Amended Complaint should be dismissed in its entirety because 1) Plaintiffs' claims under the First (retaliation), Fourth (unlawful entry and search), and Fourteenth (equal protection) Amendments and the derivative *Monell* claim are barred by the statute of limitations, 2) Plaintiffs' federal malicious prosecution , equal protection, conspiracy, and *Monell* claims should be dismissed for failure to state a claim, and 3) the Court should relinquish jurisdiction on Plaintiffs' remaining state law claims.

## A.     Counts I and II of the Amended Complaint Are Barred by the Statute of Limitations

All of Plaintiffs' federal claims, with the exception of the malicious prosecution claim (to the extent Plaintiffs have pled a malicious prosecution claim) are barred by the statute of limitations.  Specifically, Plaintiffs assert claims against the individual defendants for violations of the First Amendment (retaliation), Fourth Amendment (unlawful entry and search), and Fourteenth Amendment

(equal protection), and a derivative *Monell* claim against the City, based upon an incident at Plaintiffs' home on August 5, 2007 and the subsequent issuance of a citation to Plaintiff Rivera in September 2007. *See* Am. Compl. (Doc. No. 24) at Counts I and II.

Claims brought pursuant to 42 U.S.C. §§ 1983 and 1985 are subject to the statute of limitations "which the State provides for personal-injury torts" and accrues at the time when the injury is sustained. *Wallace v. Kato*, 549 U.S. 384, 387, 388 (2007); *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000); *Wright v. Williams*, No. 08-5944, 2009 U.S. Dist. LEXIS 66207, *1, *8 (E.D. Pa. 2009) (Baylson, J). In Pennsylvania, the statute of limitations for tort claims is two years. 42 Pa. Con. Stat. Ann. § 5524; *see Sameric Corp. of Delaware, Inc. v. City of Phila.*, 142 F.3d 582, 590 (3rd Cir. 1998).

Plaintiff Rivera's claims against Officers Snavely and Rivera, and the derivative *Monell* claim against the City, are all based upon events that took place on or before August 5, 2007, or September 2007, at the latest. *See* Am. Compl. (Doc. No. 24) at ¶¶ 21-32, 40-42, 44. As such, Plaintiffs had until September 2009 – at the latest – to initiate this action. However, Plaintiffs inexplicably did not file suit until November 13, 2009 (*see* Doc. No. 1) – ***over 90 days*** after the alleged unlawful entry and search, and *60 days* after Plaintiff claims to have received the citation for a disorderly house. *See* Am. Compl. (Doc. No. 24) at ¶¶ 21-32, 40-42, 44.

Likewise, Plaintiff Rivera's derivative *Monell* claim, also based upon this conduct, is barred because it was also not brought until November 13, 2009 – over 90 days after the statute of limitations expired.

Accordingly, Plaintiffs' claims under the First (retaliation), Fourth (unlawful entry, search, and seizure[5]), and Fourteenth (equal protection) Amendments, as well as the derivative *Monell* claim against the City, are time-barred and should be dismissed.

### B.    Plaintiffs' Federal Claims Fail on the Merits

Even if Plaintiffs' federal claims were not time-barred, they would alternatively fail on the merits as a matter of law.

#### 1.    Plaintiffs' Federal Malicious Prosecution Claim Fails

It is not clear whether Plaintiffs are continuing to assert a federal malicious prosecution claim against the individual defendants.  Plaintiffs have removed the word "malicious" from Count I of the Amended Complaint (*compare* Compl. (Doc. No. 1) ¶ 83 with Am. Compl. (Doc. No. 24) ¶ 81); however, Plaintiffs continue to allege that "Defendants caused plaintiff to suffer a selective prosecution."  Am. Compl. ¶ 81.  If and to the extent Plaintiffs are attempting to

---

[5]  Plaintiffs include a claim for unlawful seizure; however, there is no allegation that Plaintiff Rivera was seized.  Indeed, she was not; rather, she received a citation in the mail approximately one month after the incident.  *See* Am. Compl. (Doc. No. 24) at ¶¶ 44, 81.

assert a federal malicious prosecution claim, such a claim is not supported by the facts as pled and must be dismissed.

To prove a malicious prosecution action under Section 1983, a plaintiff must show that: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007); *see also Estate of Smith v. Marasco,* 318 F.3d 497, 521 (3d Cir. 2003).

Plaintiffs have not, and cannot, properly set forth allegations that establish a federal malicious prosecution claim. Specifically, Plaintiffs cannot establish that Digna Rivera[6] suffered any deprivation of liberty consistent with a seizure under the Fourth Amendment as a consequence of the proceedings. There is no allegation that Plaintiff Rivera was arrested or handcuffed; on the contrary, by Plaintiffs' own admission, Plaintiff Rivera was issued a citation by mail. Am. Compl. (Doc. No. 24) at ¶ 44.

---

[6]  Plaintiffs do not aver that Plaintiff Torres had any involvement whatsoever in the underlying incident(s).

In order to establish a "seizure" related to a legal proceeding, a plaintiff needs to demonstrate a significant deprivation of her pretrial liberty by showing that her court appearance was secured by means of bail, the issuance of an arrest warrant, incarceration, or restrictions on her travel. *See, e.g., Wiltz v. Middlesex County Office*, 249 Fed. Appx. 944, 949 (3d Cir. 2007), *cert. denied*, 2008 U.S. LEXIS 2736 (Mar. 24, 2008) (holding that, where the plaintiff's complaint alleges that she was arrested, but "does not allege that she was incarcerated, required to post bond, maintain contact with Pretrial Services, refrain from traveling, or that she endured any other 'post-indictment' deprivation of liberty as a result of the legal proceedings," the complaint failed to state a claim for malicious prosecution); *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005) ("[t]he type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution itself."); *Gallo v. City of Phil.*, 161 F.3d 217, 222 (3d Cir. 1998); *Esposito v. Galli*, Civ. No. 04-CV-475, 2006 U.S. Dist. LEXIS 55288, *29 (M.D. Pa. Aug. 9, 2006) (Jones, J.) (holding that Plaintiffs' attendance at the preliminary arraignment and the preliminary hearing does not amount to a seizure under the Fourth Amendment); *Risich v. Bensalem Twp.*, No. 04-5305, 2005 U.S. Dist. LEXIS 2596 at *10-*11 (E.D. Pa. Feb. 17, 2005); *Godshalk v. Borough of Bangor*, No. 03-1465, 2004 U.S. Dist. LEXIS 7962 at *38-*39 (E.D. Pa. May 5, 2004); *Bristow v. Clevenger*, 80 F. Supp. 2d 421, 429-30 (M. D. Pa. 2000).

As this Court has noted, "[t]he Third Circuit Court of Appeals has held that the requirement to appear at court proceedings, without more, does not constitute a seizure for purposes of a Fourth Amendment malicious prosecution claim." *Esposito*, 2006 U.S. Dist. LEXIS 55288 at *27 (citing *DiBella*, 407 F.3d at 603).

Here, Plaintiff does not allege that she was arrested on the "disorderly house" charge, and indeed she was not. *See* Am. Compl. (Doc. No. 24). Additionally, Plaintiff Rivera does not allege that her appearance at her preliminary hearing or future court proceedings was secured by any of the methods evidencing a significant deprivation, such as bail, incarceration, or travel restrictions, and indeed there was no such required security, nor was Plaintiff Rivera deprived of her liberty. The lack of accompanying liberty restrictions to ensure Plaintiff Rivera's appearance at her hearing or trial, therefore, demonstrates that Plaintiff Rivera was not seized and, thus, Plaintiffs' federal malicious prosecution claim must be dismissed.

2.    Plaintiffs Failed to Plead an Equal Protection Claim

In order to properly assert an equal protection claim based upon protected class status, Plaintiffs must allege both that (1) they are members of a protected class *and* (2) the government treated similarly situated individuals outside of the protected class differently. *D'Altilio v. Dover Twp.*, No. 1:06-CV-1931, 2007 U.S. Dist. LEXIS 71414, *1, *27-*28 (M.D. Pa. 2007) (Conner, J.) (citing *Oliveira v. Township of Irvington*, 41 F. App'x 555, 559 (3d Cir. 2005)) (explaining that a

plaintiff must plead membership in "a protected class and that they received different treatment than that received by other similarly-situated individuals" to establish a *prima facie* case under the Equal Protection Clause).

This Court has held that "[m]ere harassment based on protected-class status without identification of similarly situated individuals outside the class will not support an equal protection violation." *Id.*; *see also Hudson v. Coxon*, 149 Fed. Appx. 118, 121 (3d Cir. 2005) (upholding dismissal of equal protection claims for failure to allege differential treatment of others similarly situated); *Pollack v. City of Phila.*, No. 06-4089, 2007 U.S. Dist. LEXIS 11624, 2007 WL 576264, *1, *4 (E.D. Pa. Feb. 16, 2007) (dismissing plaintiff's equal protection claim despite his allegations of racial harassment because he failed to allege that he received treatment different from that given to other individuals). Moreover, "[w]hen alleging the existence of individuals outside the protected class, a plaintiff 'cannot use allegations . . . that amount to nothing more than "conclusory, boilerplate language" to show that he may be entitled to relief,' and 'bald assertion[s] that other[s] . . . were treated in a dissimilar manner' will not survive dismissal." *D'Altilio*, 2007 U.S. Dist. LEXIS 71414, at *27-*28 (quoting *Young v. New Sewickley Twp.*, 160 Fed. Appx. 263, 266 (3d Cir. 2006); *Evancho v. Fisher*, 423 F.3d 347, 354-55 (3d Cir. 2005); *Twombly*, 127 S. Ct. at 1968.

Here, while Plaintiffs allege that they are members of a protected class, they do not allege that they were treated differently than individuals outside the protected class[7].  Specifically, Plaintiffs have not alleged – and cannot – that members outside Plaintiffs' protected class have not been cited for a disorderly house under similar circumstances.  Accordingly, Plaintiffs' equal protection claim should be dismissed.

        3.     <u>Plaintiffs Failed to State a First Amendment Retaliation Claim</u>

Plaintiffs allege that the individual Defendant Officers violated Plaintiff Rivera's First Amendment rights by retaliating against her for making complaints to the Lebanon Chief of Police.  Am. Compl. ¶¶ 58, 83, 96 (Doc. No. 24).  This claim is not supported by the allegations in the Amended Complaint and should be dismissed.

A plaintiff must prove four elements to successfully establish a First Amendment retaliation claim: (1) that she engaged in a constitutionally-protected activity; (2) that the government responded with retaliation; (3) that the

---

[7]  The Amended Complaint does contain an allegation that, in April 2005 – 4 and 1/2 years before Plaintiffs filed the present action, Officer Snavely responded to a complaint Plaintiff Rivera made about a neighbor, who was not Hispanic. Plaintiffs claim that Officer Snavely spoke only to Plaintiffs' neighbor, and not Plaintiff Rivera.  However, refusing to speak to Plaintiff Rivera, even if true, does not constitute a violation of Rivera's civil rights, and any claims related to this incident are certainly barred by the statute of limitations, which expired 2 and 1/2 years before Plaintiffs initiated this action.

government retaliation was motivated or substantially caused by the protected activity; and (4) the government's actions would deter or "chill" a person of "ordinary firmness" from exercising her First Amendment rights. *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 282 (3d Cir. 2004); *Zugarek v. South Tioga Sch. Dist.*, 214 F. Supp. 2d 468, 476 (M.D. Pa. 2002).

Speech is a protected activity when it relates to "any matter of political, social, or other concern to the community." *Connick v. Myers*, 461 U.S. 138, 146 (1983). Here, Plaintiffs allege only two purported instances of retaliatory conduct: 1) Plaintiffs claim that Officers Snavely and Rissinger went to Plaintiffs' home on August 5, 2007 and cited Plaintiff Rivera in retaliation for a complaint she filed against Officer Snavely *2 and 1/2 years earlier*, in April 2007 (*see* Am. Compl. (Doc. No. 24) at ¶¶ 13, 19-21, 83) and 2) in retaliation for Plaintiff Rivera's complaints to the Chief of Police regarding the conduct of Officers Snavely and Rissinger on August 5, 2007, six (6) months later, other unidentified Lebanon Officers began "wait[ing] outside Plaintiff's home" and following her children's cars. *Id.* at 58.

While Defendants concede that making complaints to the Chief of Police may constitute protected speech, Plaintiffs have inferred a link between the incidents that is tenuous even under the most deferential reading.

-15-

First, *Officer Rissinger's* decision to cite Plaintiff Rivera for a disorderly

house on August 5, 2007 is too remote in time to even be considered related to, let

alone retaliation for, a complaint Plaintiff Rivera made against *Officer Snavely 2*

*and 1/2 years earlier*.

Second, Plaintiffs have failed to establish that the alleged conduct of

unidentified Lebanon Officers beginning in January 2008 is in any way related to

her encounter with – and complaints about – Officers Snavely and Rissinger six (6)

months earlier.

Finally, Plaintiffs cannot establish that this allegedly retaliatory conduct was

a deterrent.  Indeed, Plaintiffs aver that Rivera was not deterred; on the contrary,

Plaintiffs aver that "[a]fter each of the . . . incidents of harassment, Plaintiff would

attempt to report the harassment to the Chief."  Am. Compl. (Doc. No. 24) at ¶ 71.

For these reasons, Plaintiffs have failed to allege the necessary elements of a

First Amendment retaliation claim, and that claim should be dismissed.

    4.   <u>Plaintiffs' Conspiracy Claim Fails</u>

Plaintiffs' conspiracy claim fails, because Plaintiffs do not properly aver any

understanding or agreement between Officers Snavely, Rissinger, and Henderson to

violate Plaintiff's civil rights, nor do they aver that they suffered an injury or

deprivation of a constitutional right as a result of any such alleged conspiracy.

To establish a § 1985 violation, Plaintiffs must demonstrate: "1) the existence

of a conspiracy; 2) motivated by racial discriminatory animus designed to deprive him of equal protection of the law; 3) an act in furtherance of the conspiracy; and, 4) an injury or deprivation of a constitutional right." *Livingston v. Allegheny County*, Civ. A. No. 07-1010, 2010 U.S. Dist. LEXIS 7000, *1, *33 (W.D. Pa. Jan. 27, 2010).

a.   Plaintiffs Have Failed to Plead Sufficient Facts to
       Support a Conspiracy Claim

"A general allegation of conspiracy without a statement of the facts is an allegation of a legal conclusion and insufficient of itself to constitute a cause of action." *Black & Yates v. Mahogany Ass'n*, 129 F.2d 227, 231 (3d Cir. 1941); *see also Heath v. Shannon*, No. 4:CV-04-2275, 2006 U.S. Dist. LEXIS 17037, *1, *8-*9 (M.D. Pa. Feb. 17, 2006) (Jones, J.) ("In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations.") (citing *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992), *cert. denied*, 506 U.S. 1079 (1993); *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989)).  Moreover, "to plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162, 1166 (3d Cir. 1989).

This Court has noted that, in order to state a claim for conspiracy, "[a]

plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right." *Heath*, 2006 U.S. Dist. LEXIS 17037 at *9-*10 (citing *D.R.*, 972 F.2d at 1377; *Rose*, 871 F.2d at 366; *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991); *Chicarelli v. Plymouth Garden Apartments*, 551 F. Supp. 532, 539 (E.D. Pa. 1982). "Where a civil rights conspiracy is alleged, there must be some specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. A plaintiff cannot rely on subjective suspicions and unsupported speculation." *Id.* (citations omitted). And yet, that is exactly what Plaintiffs have attempted to do here.

In an attempt to avoid dismissal of their conspiracy claim, Plaintiffs amended the complaint by adding the phrase "upon information and belief, by agreement among Defendants to harass Plaintiff" to several paragraphs. *See* Am. Compl. (Doc. No. 24) ¶¶ 58. 59. 61, 63, 67. However, allegations of an agreement among Defendants based "upon information and belief" are nothing more than the "subjective suspicions and unsupported speculation" that are specifically prohibited. *Heath*, 2006 U.S. Dist. LEXIS 17037 at *9-*10. "Without such factual allegations, the rote pleading of 'conspiracy' is insufficient to state a claim," *Waris v. Mackey*, Civ. A. No. 09-1103, 2009 U.S. Dist. LEXIS 116961, *1, *37-*38

(E.D. Pa. Dec. 14, 2009) (Kugler, J.) (citing *Twombly*, 550 U.S. at 544) (dismissing complaint alleging conspiracy where not enough factual allegations to show an agreement was made), and Plaintiffs' conspiracy claim should be dismissed.

> b.    Plaintiffs Have Not Suffered an Injury as a Result of Any Alleged Conspiracy

Plaintiffs have also failed to establish the fourth prong of a conspiracy claim – that they suffered "an injury or deprivation of a constitutional right" as a result of the alleged conspiracy.  *Livingston*, 2010 U.S. Dist. LEXIS 7000 at *33.

Here, Plaintiffs alleged that, pursuant to some speculative "agreement among Defendants to harass Plaintiff," beginning in January 2008, Officer Henderson[8] or other, unidentified Officers, waited outside Plaintiff's home (Am. Compl. (Doc. No. 24) ¶ 58), and that unidentified or non-party Lebanon Officers 1) followed her children's cars, stopped her children and searched them or their cars without probable cause (*id.* at ¶¶ 58, 59), 2) told one of her children's friends that he "looked suspicious," (*id.* at ¶¶ 60-61), 3) yelled at Plaintiff and threatened to arrest her if she did not get away from his car (*id.* at ¶¶ 62-64), 4) told Plaintiffs' children

---

[8]   The conspiracy claim is the sole claim against Officer Henderson, even though Plaintiffs added Henderson's name to Count I of the Amended Complaint. Notably, Count I pertains to the August 5, 2007 incident and subsequent citation, and there is no allegation that Officer Henderson was present during that incident. Additionally, Defendants have questioned whether Plaintiffs have accurately identified Officer Henderson and have informed Plaintiffs' counsel that Officer Henderson suffered a stroke approximately one (1) year ago, and has been out on disability since that time.

that Plaintiffs' home was a known drug house (*id.* at ¶ 65), and 5) cited Plaintiff for

parking too close to a railroad crossing (*id.* at ¶ 67).

   None of these alleged actions constitute a violation of Plaintiffs'

constitutional rights.

   First, even if true, merely parking on a public street outside Plaintiffs' home

is not a violation of Plaintiffs' civil rights, nor is yelling at Plaintiff Rivera or

threatening to arrest her.   On the contrary, as this Court has noted, "[i]t is well

established that verbal harassment or threats will not state a constitutional claim."

*McKenna v. Schauer*, Civil No. 1:CV-08-0682, 2009 U.S. Dist. LEXIS 29301, *1,

*14 (M.D. Pa. Apr. 6, 2009) (Caldwell, J.); *see Panton v. Boom*, C.A. No. 1:07-

CV-0350, 2007 U.S. Dist. LEXIS 19538, *4-*5 (M.D. Pa. Mar. 20, 2007) (Conner,

J.) ("Mere threatening language and gestures of a custodial officer do not, even if

true, amount to constitutional violations."); *Young v. Medden*, No. 03-5432, 2006

U.S. Dist. LEXIS 6885 (E. D. Pa. 2006) (McLaughlin, J.) (noting that, although the

"constant barrage of insults alleged by the plaintiff, if true, would certainly

demonstrate reprehensible conduct by the defendants," verbal harassment or

threats, without more, do not state a constitutional violation.); *Gay v. City of Phila.*,

No. 03-5358, 2005 U.S. Dist. LEXIS 15840 at *15-16 (E.D. Pa. Aug. 2, 2005)

(Shapiro, J.) (holding that verbal threats or abuse alone will not rise to the level of

a constitutional violation); *Abuhouran v. Acker*, No. 04-2265, 2005 U.S. Dist.

-20-

LEXIS 12864 (E.D. Pa. 2005) (Yohn, J.) ("it is well established . . . that racially derogatory language, verbal harassment, or threats standing alone do not state a constitutional claim."); *Maclean v. Secor*, 876 F. Supp. 695, 698 (E.D. Pa. 1995) ("it is well-established that verbal abuse or threats alone do not state a constitutional claim"); *Murray v. Woodburn*, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); *Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) (explaining that "verbal harassment does not give rise to a constitutional violation enforceable under § 1983."); *Balliet v. Whitmire*, 626 F. Supp. 219, 228-29 (M.D. Pa. 1986) ("[v]erbal abuse is not a civil rights violation."); *see also Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal harassment by threatening to hang an inmate is not sufficient to state a constitutional deprivation under § 1983); *Johnson v. Glick*, 481 F.2d 1028, 1033 n. 7 (2d Cir. 1973).

Second, Plaintiffs allege that Lebanon Officer David Spear – who is not a defendant in this case – issued her a parking ticket on March 23, 2009 – ***over a year and a half after*** the August 2007 incident involving Officers Snavely and Rissinger. The issuance of a ***parking ticket*** does not violate any of the Amendments to the United States Constitution.

Third, assuming, *arguendo*, that Officer Henderson or other Lebanon Officers have followed and stopped Plaintiff's children, Plaintiffs lack requisite

standing to assert a claim on behalf of their children. *See Sposto v. Borough of Dickson City*, No. 3:05-CV-0980, 2005 U.S. Dist. LEXIS 37437, *1, *13 (M.D. Pa. Dec. 6, 2005) (Caputo, J.) (noting that "[t]he Supreme Court has held that 'plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'") .

It is basic constitutional law that a person may only assert her own constitutional rights and that a person may not sue nor recover damages for the alleged deprivation of another person's constitutional and civil rights under Section 1983. *See, e.g., McGowan v. Maryland*, 366 U.S. 420, 429 (1961); *United States v. Raines*, 362 U.S. 17, 22 (1960); *O'Malley v. Brierley*, 477 F.2d 785, 789 (3d Cir. 1973); *Pahle v. Colebrookdale Twp.*, 227 F. Supp. 2d 361, 381 (E.D. Pa. 2002); *Boykin v. Bloomsburg Univ. of Pennsylvania*, 893 F. Supp. 378, 399 (M.D. Pa. 1995); *Estate of David Cooper v. Leamer*, 705 F. Supp. 1081, 1086 (M.D. Pa. 1989); *see also Figueroa-Lopez v. Hilerio-Padilla*, 199 F. Supp. 2d 1, 5 (D.P.R. 2002); *Morgan v. City of New York*, 166 F. Supp. 2d 817, 819 (S.D.N.Y. 2001). In other words, "[o]nly the person toward whom the state action was directed, and not those incidentally affected may maintain a § 1983 claim." *Morgan*, 166 F. Supp. 2d at 819.

Thus, Plaintiffs' conspiracy claim must be dismissed to the extent that Plaintiffs are not asserting alleged violations of **their** personal constitutional rights but, rather, the constitutional rights of their children.

In sum, Plaintiffs' conspiracy claim should be dismissed because 1) Plaintiffs have alleged no facts that would reasonably suggest an agreement between Officers Snavely, Rissinger, and Henderson (or any unidentified Officers) to violate Plaintiff Rivera's civil rights, and 2) Plaintiffs have not suffered an injury or deprivation of a constitutional right as a result of any alleged conspiracy.

     5.     <u>Plaintiffs Fail to State a Derivative *Monell* Claim against the City</u>

Derivatively, in order to establish liability under Section 1983 against a local government unit, such as the City of Lebanon, Plaintiffs must demonstrate: (1) the deprivation of a constitutional right; (2) that action was taken pursuant to a custom or policy of the local government unit; and (3) that such action was the cause of the deprivation. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Brown v. Commonwealth of Pennsylvania Dep't of Health Emergency Med. Servs.*, 318 F.3d, 473 (3d Cir. 2003).

As discussed in the preceding sections, Plaintiffs have failed to properly plead the first and seminal element of their derivative claim - a constitutional violation. Indeed, it is well-settled that, if there was no violation in the first place, then there can be no derivative municipal or supervisory claim. *See Collins v. City*

*of Harker Heights*, 503 U.S. 115, 123 (1992) (holding that a city may be liable for a policy or custom of failing to train its employees only "if a city employee violates another's constitutional rights."); *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite besides the point."); *Marasco*, 318 F.3d at 505 ("[T]he initial question in a section 1983 action is 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"). Since there was no constitutional violation, Plaintiffs' derivative § 1983 claim against Lebanon also fails.

## VII.  <u>CONCLUSION</u>

Based on the foregoing, Defendants the City of Lebanon and Officers Kevin Snavely, Bithia Rissinger, and Keith Henderson respectfully request this Court enter an Order dismissing Plaintiffs' federal claims with prejudice and relinquishing jurisdiction over Plaintiffs' remaining state law claims.

Respectfully submitted,

Dated:  <u>March 19, 2010</u>       /s/ Janelle E. Fulton
                                David J. MacMain (I.D. No. 59320)
                                Janelle E. Fulton (I.D. No. 80027)
                                LAMB MCERLANE, PC
                                24 East Market Street – Box 565
                                West Chester, PA  19381-0565
                                (610) 701-3262
                                *Attorneys for Defendants*

-24-

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this brief is in compliance with the type/volume requirements set forth in Local Rule 7.8(b)(2) and this Court's Order dated March 18, 2010 (Doc. No. 27) as it contains 5,646 words.

Dated: <u>March 19, 2010</u>       <u>/s/ Janelle E. Fulton         </u>
David J. MacMain (I.D. No. 59320)
Janelle E. Fulton (I.D. No. 80027)
LAMB MCERLANE, PC
24 East Market Street – Box 565
West Chester, PA 19381-0565
(610) 701-3262
*Attorneys for Defendants City of Lebanon and Officers Kevin Snavely, Bithia Rissinger and Keith Henderson*

**CERTIFICATE OF SERVICE**

I, Janelle E. Fulton, hereby certify that on this 19th day of March 2010, I

caused a true and correct copy of the foregoing Brief in Support of Defendants'

Motion to Dismiss Plaintiffs' Amended Complaint to be served upon the following

via the ECF system of the United States District Court for the Middle District of

Pennsylvania:

> Matthew B. Weisberg, Esquire
> Weisberg Law, P.C.
> 7 South Morton Avenue
> Morton, PA  19070
> mweisberg@ppwlaw.com
> *Attorney for Plaintiffs*

This *Certificate of Service* and the said filing are intended to be available for

viewing and downloading from the ECF system of the United States District Court

for the Middle District of Pennsylvania.

 /s/Janelle E. Fulton
Janelle E. Fulton